# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-31057
Summary Calendar

DENNIS BOYTE

Plaintiff–Appellee–Cross-Appellant

V.

FIRST NATIONAL BANK OF CROSSETT

Defendant–Appellant–Cross-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:04-CV-1818

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

This civil action arises out of an agreement by Dennis Boyte to pay contract proceeds jointly to his subcontractor, Steve Wooten Contracting, Inc. ("Wooten"), and Wooten's bank, First National Bank of Crossett ("FNBC"). Boyte agreed to make such payment jointly in response to a letter sent by FNBC stating that Wooten had assigned its contract proceeds to FNBC "in connection with the financing for the [Boyte-Wooten] project." FNBC, however, only loaned

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

money to Wooten for purposes unrelated to financing for the Boyte-Wooten project. FNBC then used a substantial portion of the contract proceeds assigned to it to pay down this unrelated debt. Consequently, suppliers and materialmen used by Wooten were not paid in full.

Boyte brought suit against FNBC for amounts due and owing the unpaid suppliers and materialmen. After a bench trial, the district court found FNBC liable under theories of negligent misrepresentation and detrimental reliance. The district court awarded Boyte $97,491.22, together with prejudgment interest from June 29, 2007,[1] and post-judgment interest pursuant to 28 U.S.C. § 1961(a). FNBC now appeals the district court's determination of liability. Boyte brings a cross-appeal, asserting that the district court should have awarded prejudgment interest beginning on July 27, 2004, the date of Boyte's original petition.

Having reviewed the record and the briefs, we affirm the judgment of the district court with respect to FNBC's appeal. Regarding Boyte's negligent misrepresentation claim, there was sufficient evidence from which the district court could have concluded that: (1) FNBC assumed a legal duty to supply correct information; (2) FNBC breached that duty by incorrectly stating that Wooten had assigned the contract proceeds to FNBC in connection with the financing for the project; and (3) this breach caused damages to Boyte. With respect to Boyte's detrimental reliance claim, there was also sufficient evidence for the district court to conclude that: (1) FNBC represented to Boyte that Wooten assigned the contract proceeds to FNBC in connection with the financing of the project; (2) Boyte justifiably relied on this representation; and (3) Boyte changed his position to his detriment because of his reliance. Accordingly, the district court did not commit clear error. See Water Craft Mgmt. LLC v. Mercury

---

[1] The district court found that the parties' proposed pre-trial order, filed on June 29, 2007, contained the first judicial demand on Boyte's negligent misrepresentation claim.

Marine, 457 F.3d 484, 488-89 (5th Cir. 2006) (reviewing findings of fact in a bench trial for clear error).[2]

With respect to Boyte's cross-appeal, the district court correctly rejected Boyte's assertion that his original petition contained the first judicial demand on his claim of negligent misrepresentation. The factual allegations in his original petition were simply insufficient to support such a claim. Therefore, as the district court determined, Boyte's award of prejudgment interest shall run from June 29, 2007.

AFFIRMED.

---

[2] FNBC also asserts the legal argument that the district court failed to consider all the requirements of claims for negligent misrepresentation and detrimental reliance. This argument has no merit. FNBC's other defenses lack merit given our findings regarding the sufficiency of the evidence.